UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSE CRUZ,

        Petitioner,

     -v-                                 04-CV-6155(MAT)
                                             **ORDER**

MICHAEL GIAMBRUNO, Superintendent of
Wyoming Correctional Facility

        Respondent.

---

## I.   Introduction

Petitioner Jose Cruz ("Cruz" or "petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Erie County Court on one count each of Arson in the Second Degree (N.Y. Penal Law § 150.15), Reckless Endangerment in the First Degree (Penal Law § 120.25), and Criminal Mischief in the Second Degree (Penal Law § 145.10). Cruz was sentenced as a second felony offender to three concurrent prison terms, the longest of which was eleven years. For the reasons set forth below, Cruz's § 2254 petition is denied and this action is dismissed.

## II.  Factual Background and Procedural History

Petitioner was convicted on April 30, 2001 following a jury trial before Judge Michael D'Amico. The proof at trial showed that petitioner was romantically involved with at least two women: his

1

fiancee ("Colleen"), with whom he had two children, and another woman, ("Chris") from whom he received financial support. R. 493, 495-96, 505-506.[1] With respect to their residences, petitioner lived alone in an apartment at 48 Dart Street in the City of Buffalo, his fiancee lived in another apartment, and his mistress lived with her parents. R. 506. Although petitioner wanted to move in with Colleen, he believed that if he did so, he wouldn't "get money" from Chris. Petitioner was unemployed at the time. R. 496.

Colleen testified at trial that on November 8, 1999, she asked Cruz to go to his apartment to pick up some items for her. Cruz agreed to do so, because it would "give [him] a good story for going back to the house." According to Colleen, petitioner needed an excuse to go to the house because he had wanted to set fire to the apartment. About an hour or so earlier, Cruz brought up the idea of setting the fire, believing that if his apartment burned down he could continue receiving money from Chris, and also move in with Colleen. R. 495-498.

Before Cruz left for his apartment, he asked Colleen for rubbing alcohol or peroxide to "ignite" the fire, and Colleen complied. R. 499-500. Sometime after 10:00p.m. that night, petitioner took a taxi cab from Colleen's apartment to the Dart Street apartment. R. 438-40, 500. He returned to Colleen's house between 11:30p.m. and midnight with a bagful of items that Colleen

---

[1] Citations to "R.__" refer to pages of the Record on Appeal, as submitted by respondent.

had asked for. Petitioner told Colleen that "[e]verything's all taken care of" and said, "if anybody asks if I'd been here let them know that I was here already tonight, that I got here earlier." R. 501-503.

Members of the Buffalo Fire Department responded to a call at petitioner's apartment at approximately 11:30p.m.  R. 353, 372. Heavy flames were coming out the front window. R. 354, 375.  After kicking down the locked front door, firefighters entered the front room and found a sofa engulfed in flames. R.  354, 357.  At the rear of the apartment, a pile of clothing and "rubbish" were burning in a closet. R. 358-59.  After checking around the outside of the building, the firefighters evacuated a young man from the rear unit.  R. 376-77.  Upon an investigation of the premises, all natural and accidental causes of the fire were eliminated, and the probable source of ignition was determined to be either a match or a lighter because there were two separate fires inside the dwelling. R. 404, 406.

Colleen testified that on November 9, 1999 she gave a false statement to police regarding Cruz's whereabouts the night of the fire, because she was afraid of Cruz. R. 505, 517.  She later gave a second statement to police implicating petitioner in the arson. R. 522.  When petitioner spoke with investigators in late November, he indicated that he had taken a cab to his apartment on the night of the arson.  R.  466-67.  On or about December 12, 1999,

petitioner left Buffalo for Alabama and did not return until May of the following year. R. 506-07. Cruz continued to call Colleen, allegedly threatening her not to testify against him at trial. R. 514-15. He also requested that Colleen call the residents of the rear apartment of 48 Dart Street, to "talk to [the occupant's] parents to tell them not to have her testify." R. 511. In addition, a jailhouse informant, Donald Dash ("Dash"), testified that petitioner made specific admissions regarding the cause and origin of the fire while being housed at the Erie County Holding Center in November, 2000. R. 545-47.

After rejecting a plea offer to Attempted Arson in the Second Degree, Cruz was convicted on all counts of the indictment by a jury after a four-day trial. The Appellate Division, Fourth Department, unanimously affirmed the judgment of conviction, and leave to appeal to the New York Court of Appeals was denied. People v. Cruz, 300 A.D.2d 1083 (4th Dept. 2002), lv. denied 99 N.Y.2d 627 (2003). Petitioner did not file any other motions for post-conviction relief. Cruz then filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging seven grounds for relief. For the reasons stated below, this petition is dismissed.

## III. General Principals Applicable to Habeas Review

### A.    The AEDPA Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court.  See 28 U.S.C. § 2254(d)(1),(2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

### B.    Exhaustion Requirement and Procedural Bar

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

"It is now axiomatic that 'cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred.'" <u>Dunham v. Travis</u>, 313 F.3d 724, 729 (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). Federal courts may address the merits of a claim that is procedurally barred if the petitioner can "show both cause and prejudice, or a fundamental miscarriage of justice." <u>Fama v. Comm'r of Corr. Servs</u>., 235 F.3d 804, 809 (2d Cir. 2000).

## IV. Merits of the Petition

### A. Speedy Trial

Petitioner asserts that his constitutional speedy trial rights were violated by post-accusation delay. Specifically, he asserts that the prosecution's declaration of readiness at arraignment was "illusory" because there were two subsequent court appearances in which the prosecution did not re-assert their readiness. Pet. ¶ 22(A) (Dkt. #1).

First, as respondent correctly argues, petitioner framed his speedy trial claim on appeal only as a matter of New York statutory law. <u>See</u> Petitioner's ("Pet'r") App. Br. At 60-61. It is therefore unexhausted. <u>See Walker v. Bennett</u>, 262 F.Supp.2d 25 (W.D.N.Y. 2003) (a petitioner who raises only a statutory speedy trial claim pursuant to C.P.L. § 30.30 has not invoked the federal constitution and therefore has not fairly presented the claim so as

to fulfill the exhaustion requirement.).  Second, because no speedy trial motion was ever made, the Appellate Division, Fourth Department held that the claim was unpreserved for appellate review.  <u>People v. Cruz</u>, 300 A.D.2d 1083 (4th Dept. 2002) (citing C.P.L. § 470.05(2)).  It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground [for dismissing a claim], even where the state court has also ruled in the alternative on the merits of the federal claim." <u>See</u> <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990).  For the adequate and independent state ground doctrine to foreclose habeas review, the state rule relied upon must be a "firmly established and regularly followed state practice." <u>James v. Kentucky</u>, 466 U.S. 341, 348 (1984); <u>accord</u> <u>Lee v. Kemna</u>, 534 U.S. 362, 376 (2002). The rule upon which the Appellate Division based its decision in Cruz's case is codified at New York Crim. Proc. Law ("C.P.L.") § 470.05(2). The "contemporaneous objection rule," as it is known, has been recognized as a firmly established and regularly followed rule in New York and has been held to be an "adequate and independent" state basis for rejecting a claim. <u>See</u> <u>Velasquez</u>, 898 F.2d at 9; <u>see also</u> <u>United States ex rel. Hogan v. Bara</u>, 578 F.Supp. 1075, 1081 (E.D.N.Y. 1984) (Petitioner did not object to trial court and thus waived the claim under C.P.L. § 470.05, which constituted an independent and adequate state ground for dismissal of claim).

In order for the Court to review Cruz's procedurally barred speedy trial claim, he must establish cause and prejudice, or that he is actually innocent. <u>Durham v. Travis</u>, 313 F.3d 724, 729 (2d Cir. 2002). In that respect, petitioner raises a claim of actual innocence in ground seven of the petition. <u>See</u> Pet. at Ex. C. He does not, however, elaborate on this claim. Cruz has offered no "new reliable evidence . . . that was not presented at trial" that would make it more likely than not that petitioner would have been acquitted. <u>Schlup v. Delo</u>, 513 U.S. 298, 325-27 (1995). Because Cruz cannot overcome the procedural bar, he is not entitled to habeas review on this ground.

**B.  Sufficiency of the Evidence**

Cruz contends in that the proof supporting his convictions of arson, reckless endangerment, and criminal mischief was insufficient due to conflicting and self-serving testimony. Pet. ¶ 22(B). Petitioner made this claim in his appeal to the Appellate Division, which found that the motion to dismiss based on legal insufficiency was untimely, and, in any event, the evidence was legally sufficient to support the conviction and that the verdict was not against the weight of the evidence. <u>People v. Cruz</u>, 300 A.D.2d 1083, 1084 (4th Dept. 2002) (citing <u>People v. Bleakley</u>, 69 N.Y.2d 490, 495 (1987)). Although the insufficiency claim was unpreserved for appellate review and thus procedurally barred from habeas review, Cruz's claim also fails on the merits.

New York's standard for evaluating the sufficiency of the evidence mirrors the federal standard. See People v. Contes, 60 N.Y.2d 620 (1983). Federal review of a state sufficiency challenge is governed by Virginia v. Jackson, 443 U.S. 307, 318-20 (1979), and requires the reviewing court to view the evidence in the light most favorable to the prosecution to ensure that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. When evaluating the sufficiency of the evidence, this Court must defer to the jury's assessment of credibility. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996); see also Schlup, 513 U.S. at 330 (assessment of credibility of witnesses is generally beyond scope of review of sufficiency claims).

In arguing why the evidence was insufficient, Cruz claims that there was "conflicting and self-serving evidence" adduced at trial, but provides no further explanation. See Pet. ¶ 22(B). It appears that the instant claim deals exclusively with the credibility of the prosecution witnesses, which does not provide a basis for overturning his conviction. It is well established that a court, sitting in habeas review, may not disturb the jury's findings with respect to the witnesses' credibility. E.g., United States v. Roman, 870 F.2d 65, 71 (2d Cir.1989). The prosecution's witnesses were subject to extensive cross-examination and the record indicates that defense counsel made arguments regarding their

credibility in his summation. Specifically, Donald Dash, a jailhouse informant, was thoroughly questioned by defense counsel regarding his extensive criminal history, substance abuse, and the benefit he would receive for cooperating with the prosecution in Cruz's case. R. 560-74. Colleen, petitioner's fiancee, testified during cross-examination to prior inconsistent statements made to police and her motive to testify against Cruz. R. 515-38. The trial judge also properly instructed the jury as to assessing the credibility of witnesses.

Here, the jury weighed and ultimately found the testimony offered by the witnesses to be credible. A federal habeas court must "resolve all issues of credibility[ ] in favor of the jury's verdict." United States v. Reyes, 157 F.3d 949, 955 (2d Cir.1998). Huber v. Schriver, 140 F.Supp.2d 265, 277 (E.D.N.Y.2001) ("[F]ederal habeas courts 'are not free to reassess the [fact-specific] credibility judgments by juries or to weigh conflicting testimony.... [A federal habeas court] must presume that the jury resolved any questions of credibility in favor of the prosecution.' ") (quoting Vera v. Hanslmaier, 928 F.Supp. 278, 284 (S.D.N.Y.1996)). A sufficiency claim therefore does not permit the reviewing court to redetermine the credibility or reliability of witnesses or substitute its view of the evidence for that of the trier of fact. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

Under the circumstances presented here, there is no basis to disturb the jury's finding. Cruz's challenge to the witnesses' credibility does not support a claim of legal insufficiency on habeas review.

### C. **Brady** Material

Petitioner asserts that the prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) with respect to information concerning an alleged additional suspect in this case.[2] When this issue was raised on direct appeal, the Appellate Division ruled that petitioner did not establish that any <u>Brady</u> material existed. <u>People v. Cruz</u>, 300 A.D.2d 1083, 1084 (4th Dept. 2002).

To prove a <u>Brady</u> violation, a habeas petitioner must establish that: 1) the evidence at issue was favorable to the accused, either because it was exculpatory or could have impeached a prosecution witness; 2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and 3) prejudice ensued from the withholding. <u>Moore v. Illinois</u>, 408 U.S. 786, 794-95 (1972); <u>see also</u> <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999). Under federal law, "[t]he People have no duty to disclose evidence whose exculpatory value is merely speculative." <u>Musa v. Senkowski</u>, Nos. 02-CV-6113, 03-MISC-0066, 2004 WL 502556, at *14 (E.D.N.Y. Mar. 15, 2004) (citing <u>Tate v. Wood</u>, 963 F.2d 20, 25 (2d Cir.1992)

---

[2] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) (Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution).

("[T]the state need not disclose preliminary or speculative information ....") (citing <u>United States v. Agurs</u>, 427 U.S. 97, 109 & n. 16 (1976)).

Petitioner's claim that the information constitutes <u>Brady</u> material is not supported by the record. While cross-examining a detective who investigated the case, defense counsel inquired as to whether there was another individual, George Boria, who was linked to fires at other properties owned by Cruz's landlord.[3] R. 482-86. In doing so, counsel attempted to establish that another person might have committed the crime. When asked whether Boria had been implicated in the other fires, the detective testified that he could not recall. The court then sustained the prosecution's objection to defense counsel's request that the detective "do some research" to find documentation that would refresh his recollection. R. 490-91. Subsequently, the prosecutor recalled the detective, who testified that Boria had not been implicated in the fires at the properties owned by Cruz's landlord, but was a suspect at the time. R. 537-38.

Petitioner has not demonstrated that the link between Boria and the two prior arsons is exculpatory, because Boria was never implicated in those crimes. Even if Cruz had established that the prosecutor knew of this information prior to or during the course

---

[3] The testimony of the detective revealed that Cruz's landlord had three arsons at his properties over six years. The owner of the properties was not considered a suspect in the fires. R. 482, 486.

of Cruz's trial and had suppressed the same, there was no duty to disclose it because its exculpatory value was only speculative. <u>See</u> <u>Musa v. Senkowski</u>, Nos. 02-CV-6113, 03-MISC-0066, 2004 WL 502556, at *14 (E.D.N.Y. Mar. 15, 2004). As such, the Appellate Division's determination that the aforementioned information did not constitute <u>Brady</u> material does not run afoul of clearly established Supreme Court precedent.

### D. Accomplice Liability Charge

Cruz also argues in his habeas petition that the trial court did not *sua sponte* give an accomplice corroboration charge pursuant to C.P.L. § 60.22.[4] Pet. ¶ 22(D). The Appellate Division rejected this claim as being unpreserved for appellate review, <u>Cruz</u>, 300 A.D.2d at 1085, and it is therefore procedurally barred for purposes of habeas review. In order to overcome the procedural default, petitioner must demonstrate cause and prejudice. The only possible cause petitioner claims for failure to raise the issue was trial counsel's ineffective assistance for failing to request the charge or object to the court's instructions as given. <u>See</u> Pet'r App. Br. at 13. However, even if the Court could accept this as good cause, petitioner has not demonstrated any prejudice. The "prejudice" prong requires that the petitioner show "actual prejudice," <u>McCleskey v. Zant</u>, 499 U.S. 467, 493 (1991), "not

---

[4] "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense." C.P.L. § 60.22(1).

merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," United States v. Frady, 456 U.S. 152, 170 (1982); accord, e.g., Murray v. Carrier, 477 U.S. 478, 493 (1986). The failure to request an accomplice corroboration charge did not result in prejudice, as there was corroborative proof, including the testimony of Donald Dash, to whom petitioner admitted his crime; the cab driver who took petitioner to the crime scene on the night of the fire; and the police officer to whom petitioner admitted his presence at the crime scene on the night of the fire. R. 438-40, 466-67, 545-47.

Cruz has not made the requisite showing of cause and prejudice to overcome the procedural bar, and habeas review of this claim is foreclosed. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

**E. Conflict of Interest**

Petitioner next contends that he informed the trial court about his attorney's conflict of interest, but the court failed to inquire into the allegation. See Pet. at Ex. C, Ground Five. This claim too, is procedurally defaulted for not being properly preserved for appellate review. See Cruz, 300 A.D.2d at 1085. Petitioner has not made a showing of cause and prejudice, or actual innocence. In any event, Cruz's claim is without merit.

The Sixth Amendment grants the accused in a criminal matter the right to be represented by counsel at trial. U.S. Const. Amend. VI. This encompasses the right to conflict-free representation by counsel who will act with a single-minded devotion on his or her own client's behalf. See Wood v. Georgia, 450 U.S. 261 (1981). An attorney has an actual-as opposed to potential-conflict of interest when the attorney's and the defendant's interests "diverge with respect to a material factual or legal issue or to a course of action" during the course of representation. Winkler v. Keane, 7 F.3d 304, 307 (quoting Cuyler v. Sullivan, 446 U.S. 335, 356 n. 3 (1980)).

In the present case, petitioner does not demonstrate that his attorney labored under an actual conflict of interest. On the day of sentencing, Cruz requested an adjournment to retain new counsel for the sentencing proceeding, because he had not been able to "touch base" with assigned counsel since the beginning of his case. R. 692-93. The trial court granted Cruz's request and allowed Cruz thirty days to obtain a new lawyer. R. 696. When the case returned for sentencing, petitioner had not retained new counsel, nor did he request that the court assign him another attorney for sentencing. R. 699. He did apologize for the delay: "I just want to apologize for having you give me the extra time to retain another attorney. I hope I didn't cause any inconvenience." R. 701.

Contrary to Cruz's contention, the record shows that he was in touch with his assigned counsel, Mr. John K. Jordan, at every stage of his case. Mr. Jordan appeared at a multitude of pre-trial proceedings, and provided a cogent and vigorous defense. During a hearing on November 28, 2000, counsel stated that he and petitioner had "discussed the consequences" of rejecting a plea offer by the prosecution, and that Cruz was "prepared to go to trial". R. 22-23. Petitioner's complaint that he could not "touch base" with Mr. Jordan is unsubstantiated by the record, and he cannot now show that there was an actual conflict of interest.

With respect to the trial court's duty to inquire, the Second Circuit has stated that "'[w]here a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction.'" Norde v. Keane, 294 F.3d 401, 412 (2d Cir. 2002) (quoting McKee v. Harris, 649 F.2d 927, 933 (2d Cir. 1981), cert. denied 546 U.S. 917 (1982)). However, habeas relief is only available if the petitioner can point to "harm that has resulted from a failure to make the required inquiry." Stephens v. Costello, 55 F.Supp.2d 163, 171 (W.D.N.Y. 1999). Contrarily, "if the reasons proffered are insubstantial and the defendant receives competent representation from counsel, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error." United States v. John Doe. No.1, 272 F.3d 116, 123 (2d Cir. 2001), cert. denied 537 U.S. 851 (2002). Petitioner failed to

articulate a specific complaint about his assigned counsel, and did not request a substitution until sentencing. Thus, even if the trial court erred in not conducting a more thorough inquiry with Cruz, that alone does not rise to a constitutional infirmity. See Stephens, 55 F.Supp.2d at 170. ("The Second Circuit has held that although the trial judge should make inquiry as to the reasons for a request to substitute counsel, that procedural irregularity is not a Sixth Amendment violation where the defendant cannot point to any harm that has resulted from a failure to make the required inquiry.")

Petitioner's fifth ground for habeas relief is procedurally barred, and, alternatively, denied because he has not demonstrated an error of constitutional magnitude.

### F.  Ineffective Assistance of Counsel

Petitioner alleges in his sixth claim that he was denied effective assistance of counsel on multiple grounds, including that trial counsel (1) failed to make a speedy trial motion; (2) failed to object to inadequate preliminary jury instructions; and (3) failed to object to speculative testimony. See Pet.at Ex. C, Ground Six.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that his attorney's performance was deficient, and that this deficient performance prejudiced his defense. Strickland v.

Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Id., and may not second-guess defense counsel's strategy. Id. at 690. Here, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of Strickland, and that, but for the deficiency, the result of his trial would likely have been different.

Starting with the speedy trial motion, Cruz argued on appeal that his "right to a speedy trial pursuant to C.P.L. 30.30 was violated and defense counsel was ineffective in failing to make a written motion on this issue." Pet'r App. Br. 60. In Cruz's case, the prosecution announced its readiness for trial three months after the filing of the indictment, well within the six-month requirement of C.P.L. § 30.30. R. 2, 4, 16. Because the

prosecutor did not re-announce readiness at subsequent appearances did not invalidate the prior declaration of readiness. See People v. Cortes, 80 N.Y.2d 201, 214 (1992) (The People are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action, except where there is a substantial break in the proceeding where "a new communication of readiness is needed to eliminate guesswork and post hoc rationalizations."). As there was no merit to Cruz's underlying allegation of a speedy trial violation, trial counsel cannot be faulted for failing to bring the C.P.L. § 30.30 motion before the court. Cruz cannot show, therefore, that he suffered prejudice as a result of this omission, even assuming the omission was deficient.

Next, petitioner contends that counsel was ineffective in failing to object to the preliminary jury instructions. Specifically, that the trial judge's instruction was insufficient with respect to the C.P.L. § 270.40 requirement that the court must instruct the jury that they must "promptly report to the court any incident within their knowledge involving an attempt by any person improperly to influence any member of the jury." See id. The trial court told the jurors that "if anyone attempts to talk to you about this case you should let me know as soon as possible without mentioning it to anyone else." R. 228, 248. A trial court is "not required to give verbatim the pattern jury instructions" People v. Calderon, 182 A.D.2d 770 (2d Dept. 1992). Even if the trial court's

instruction could be considered incomplete, it does not necessarily result in a due process violation.  See <u>Wright v. Smith</u>, 569 F.2d 1188 (2d Cir. 1978) (Where a deficient charge is error under state law, it does not rise to a constitutional level warranting issuance of the writ).  Cruz, therefore, has not demonstrated a constitutional violation with respect to his trial attorney's failure to object to the preliminary instruction.

Finally, petitioner alleges that counsel failed to object to speculative testimony.  Pet. at Ex. C, Ground Six.  Cruz argued to the Appellate Division that the prosecutor, at trial, elicited testimony from witnesses "designed to cause jurors to speculate about other bad acts . . ." and that trial counsel was ineffective for failing to lodge the proper objection.  See Pet'r App. Br. 35. The testimony at issue relates to Cruz's departure to Alabama after the arson.  The record indicates that counsel did make an objection to the relevance of the prosecutor's questioning, which was overruled by the trial court.  R. 506-07.  Petitioner's claim, essentially, is that trial counsel should have objected on the grounds of unfair prejudice or hearsay, rather than on relevance. This argument fails, however, because there is nothing in the record supporting the notion that if counsel objected on a different ground, the proof of flight would have been precluded.[5]

---

[5] In New York, evidence of flight is admissible as a form of circumstantial evidence of consciousness of guilt.  <u>People v. Yazum</u>, 13 N.Y.2d 302 (1963).

As a result, Cruz's claim does not give rise to a  Strickland
violation because there is no reasonable likelihood that he would
have been acquitted but for the testimony of his flight after the
arson occurred.  466 U.S. at 688-694.

In sum, Cruz has failed to demonstrate that his counsel's
conduct was deficient within the meaning of Strickland, and that,
but for the deficiency, the result of his trial would likely have
been different. The Appellate Division's ruling that petitioner
received meaningful representation was not contrary to or involved
an unreasonable application of clearly established Supreme Court
precedent, and this claim for habeas relief is denied.

G.    Actual Innocence

As a final ground for relief, petitioner asserts that he is
actually innocent.  This claim is not cognizable on habeas review
as actual innocence is not itself a constitutional claim. Herrera
v. Collins, 506 U.S. 390, 404-05 (1993).  A petitioner may avail
himself of the fundamental miscarriage of justice "only where [he]
supplements his constitutional claim with a colorable showing of
factual innocence." Herrera,  (citing Kuhlmann v. Wilson, 477 U.S.
436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (emphasis in
original)). The Supreme Court in Herrera explained that, even if a
"freestanding" claim of actual innocence based on newly discovered
evidence could serve as a ground for habeas relief, "the threshold
showing for such an assumed right would necessarily be

extraordinarily high." Id. at 417. Here, Cruz is not able to meet the threshold, because he does not define his claim or set forth any factual basis supporting this assertion. See Pet. at Ex. C. Cruz's claim for habeas relief based on actual innocence is therefore denied.

## V.  Conclusion

For the reasons stated above, Cruz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
                    MICHAEL A. TELESCA
                    United States District Judge

Dated:      September 9, 2009
            Rochester, New York